IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE NOMINATION PETITION | : | 1:14-cv -669 |
| OF MEL M. MARIN FOR THE | : | |
| DEMOCRATIC NOMINATION | : | |
| FOR MEMBER OF CONGRESS | : | Hon. John E. Jones III |
| IN THE 3RD CONGRESSIONAL | : | |
| DISTRICT | : | |

# MEMORANDUM

## April 22, 2014

This removal case originated in the Commonwealth Court of Pennsylvania, when, on March 18, 2014, Charles Rice ("Rice"), Chairman of the Mercer County Democratic Party, filed objections to Mel Marin's ("Marin") nomination petition for the 3rd U.S. Congressional District.[1]  In his written objections, Rice contends that Marin fails to meet the signature requirement imposed by 25 P.S. § 2872.1(12) and that Marin's affidavits, relating to his residency status and status as a county elector, are materially and substantially false.  *Doc.* 3 at 11-15.  Accordingly, under state law, Rice contends that Marin's petition should be set aside.  *Id.*

Thereafter, on April 7, 2014, Marin filed a notice of removal to this Court. According to Marin, removal is proper because the Commonwealth's election laws

---

[1]  We take judicial notice of the docket sheet in 174 MD 2014, *In re Petition of Mel M. Marin for the Democratic Nomination for Member of Congress in the 3rd Congressional District*, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

violate the United States Constitution's Qualifications Clause in Article 1, Section 2, and "the process provided by 25 P.S. § 2937 is void 'as applied' under the 1st and 14th Amendments, since they implicate federal law . . . ." *See Doc.* 1.[2] Despite Marin's contentions, a determination of federal law is not an essential element of Rice's objections. Further, since the parties are not diverse, the Court's "federal question" or removal jurisdiction is called into question.

Pursuant to the removal doctrine, which is set-forth in 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). For this case – as for many cases where there is no diversity of citizenship between the parties – the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of the United States District Courts. Pursuant to the Court's "federal question" jurisdiction: "The district courts shall have jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (emphasis

---

[2] Since filing his notice of removal, Marin has also filed a motion for leave to proceed *in forma pauperis* (*Doc.* 2), a motion to seal his financial records to be included with his *in forma pauperis* motion (*Doc.* 4), a motion to "shorten the time to rule" (*Doc.* 5), and a request for a three-judge panel. Since the Court ultimately elects to remand this case to the state court, these motions will be denied as moot.

added). The burden of demonstrating federal jurisdiction lies squarely with the removing defendant. *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006).

Abundant case law provides guidance for determining when a civil action "arises under" said federal law invoking a district court's "federal question" jurisdiction. Among such case law, "one powerful doctrine has emerged, . . . the 'well-pleaded complaint rule.'" *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10 (1983). The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon")); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced."). In applying the well-pleaded complaint rule:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, . . . must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Id.* (quoted case omitted). Thus, federal courts have original or removal jurisdiction when "a well-pleaded complaint establishes either that federal law

creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* at 27-28. While the presence of a federal question embedded in a state cause of action may confer federal jurisdiction, such is not the case here. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Even assuming for the sake of argument that this action is proper for removal[3] and that Marin satisfied the procedural requirements for removal set forth in 28 U.S.C. § 1446, the objections raised by Rice do not arise under federal law; federal law neither creates the cause of action nor is Rice's right to "relief" dependent upon resolution of a substantial question of federal law. Rather, the objections merely involve the application of Pennsylvania state election and evidentiary laws (regarding the false affidavits) in order to determine whether Marin's petition should be set aside. *See Franchise Tax*, 463 U.S. at 12 ("By unimpeachable authority, a suit brought upon a state statute does not arise under an act of Congress or the Constitution . . . ."). Subject matter jurisdiction over Rice's objections, therefore, is clearly lacking.

An appropriate Order shall issue.

---

[3] Notably, the Commonwealth Court of Pennsylvania disregarded Marin's notice of removal, commenting on the docket sheet that "this matter is a statutory procedure governed by the Election Code, and not a 'civil action,' and because time is of the essence in Election Code matters . . . ." In so doing, on April 14, 2014, the same court proceeded to address Rice's objections and set aside Marin's petition. *See Doc.* 5 at 9-16.