IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE NOMINATION PETITION | : | CIVIL ACTION NO. 1:14-CV-00669 |
| OF MEL M. MARIN FOR THE | : | |
| DEMOCRATIC NOMINATION | : | |
| FOR MEMBER OF CONGRESS | : | (Judge Jones) |
| IN THE 3RD CONGRESSIONAL | : | |
| DISTRICT | : | |

## ORDER
May 12, 2014

This removal case originated in the Commonwealth Court of Pennsylvania, when, on March 18, 2014, Charles Rice ("Rice"), Chairman of the Mercer County Democratic Party, filed objections to Mel Marin's ("Marin") nomination petition for the 3rd U.S. Congressional District.[1]  In his written objections, Rice contends that Marin fails to meet the signature requirement imposed by 25 P.S. § 2872.1(12) and that Marin's affidavits, relating to his residency status and status as a county elector, are materially and substantially false.  *Doc.* 3 at 11-15.  Accordingly, under state law, Rice contends that Marin's petition should be set aside.  *Id.*

After Rice had filed his objections, Marin filed a notice of removal to this Court, on April 7, 2014.  Upon review of the state law claims raised against Marin,

---

[1] We take judicial notice of the docket sheet in 174 MD 2014, *In re Petition of Mel M. Marin for the Democratic Nomination for Member of Congress in the 3rd Congressional District*, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

we ordered, *sua sponte*, that the case be remanded to the Commonwealth because the Court lacks subject-matter jurisdiction under the well-pleaded complaint rule. *Docs.* 6 & 7.  Undeterred, Marin has filed a motion for reconsideration.  *Doc.* 9.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.  *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677–78 (3d Cir. 1999).  Accordingly, a court may grant such a motion only in the limited circumstances where the movant can show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the [initial] motion ...; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* Absent a change in law or fact or some showing that the court's prior decision is inconsistent with binding authority, mere disagreement with the district court's resolution of a legal issue does not warrant a motion for reconsideration.  *Dodge v. Susquehanna Univ.*, 796 F.Supp. 829, 830 (M.D. Pa. 1992) (motion to reconsider not supported by "clear error of law" when party merely disagrees with the court's conclusion).

In his motion, Marin argues in favor of reconsideration because (1) compulsory counterclaims cannot be "dismissed" on remand, (2) the Court "missed" his civil rights claims, and (3) the Court did not identify proposed deficiencies before ordering that the case be remanded. *See generally, Doc.* 10. Marin also argues that he has a "right" to have his counterclaims treated as an

"original action."  In other words, Marin appears to argue that the Court should convert his counterclaims to claims and treat him as a plaintiff instead of a counterclaimant.  *See Doc.* 10 at 6-7.  Marin, though, cites to no authority, and we are aware of none, permitting the Court to magically convert these types of claims under the circumstances of this case.  Moreover, Marin's counterclaims were never properly before this Court so as to permit conversion of said counterclaims and they are not actually true counterclaims if they are directed at someone other than Rice.  *See* Fed.R.Civ.P. 13(a)(1)(discussing the raising of counterclaims against *opposing parties*).  This argument, therefore, is meritless and does not amount to a manifest error.  With respect to Marin's remaining arguments, they similarly fail.

First, Marin's reliance on *Barefoot Architect, Inc. v. Bunge* is misguided. The relevant portion of *Barefoot* concerned a federal district court's refusal to exercise supplemental jurisdiction, 28 U.S.C. § 1367, over the defendant's state law compulsory counterclaims, in a case where no federal law claims remained after resolution of two dispositive motions.  632 F.3d 822, 836-37 (3d Cir. 2011). In reversing the district court, the Third Circuit drew on the fact that the defendants did not voluntarily avail themselves of the federal forum, *id.* at 837, which is not the case here.  Furthermore, the court's opinion never mentioned a district court's obligation to exercise jurisdiction over compulsory counterclaims in a removal action that has no independent jurisdictional basis.  Indeed, to construe *Barefoot* as

3

Marin suggests would fly in the face of *Vaden v. Discover Bank* where the Supreme Court reiterated that federal jurisdiction cannot rest upon an actual or anticipated counterclaim.  556 U.S. 49, 60 (2009)(citing *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002)).  The clarity and simplicity of the well-pleaded complaint rule, the Court observed, would be undermined "if federal courts were obliged to consider the contents not only of the Complaint but also of responsive pleadings …." *Id.* (citing *Holmes*, 535 U.S. at 830, 832; *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11, and n. 9 (1983)).

 Next, that the Court may have missed other counterclaims Marin wishes to raise does not amount to a manifest error.  As noted, *supra*, Marin's purported counterclaims are not properly before this Court, which lacks subject-matter jurisdiction over the removal action.  Last, contrary to his third argument, there were no deficiencies that Marin could overcome; the Court's subject-matter jurisdiction inquiry turned on an analysis of the pleading filed by Rice in state court.

Marin's motion for reconsideration (*Doc.* 9), therefore, is **DENIED** on the merits and any remaining motions or requests are **DENIED** as moot.[2]

*S/ John E. Jones III*
John E. Jones III
United States District Court

---

[2] Among Marin's recent filings, the most glaring one is his petition for a writ of mandamus against the Secretary of the Commonwealth of Pennsylvania. *See Doc.* 14. Under the express terms of 28 U.S.C. § 1361, Marin's petition is clearly barred. Section 1361 provides federal district courts with original jurisdiction "of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). What the statute does not permit is a writ of mandamus issued by the district courts to *state* officers, employees, or agencies. Accordingly, Marin's petition would be denied regardless of our decision herein.